Dear Mr. Dautreuil:
On behalf of the Slidell City Council, you have requested an opinion from this office with regard to the employment of special legal counsel.
I understand that the Council and its individual members have been sued, that the City Attorney is representing the Council, and, because of a perceived conflict of interest, the individual Council members chose to employ separate legal counsel to represent them collectively in their individual, although official capacity.
Your questions concern the proper procedure for obtaining special legal counsel and who should execute (sign) and administer, including payment under, the attorney employment contract. Although you have asked a number of individual questions, I believe that the following should provide answers to your questions.
The City of Slidell operates under a Home Rule Charter, a copy of which was provided with your request. The relevant portions of the Charter are as follows: the plan of government is a "mayor-council" form of government (Sec. 1-03); the legislative power is vested in a Council (Sec. 2-01); except as otherwise provided by the charter, the mayor is be the chief executive officer of the City and exercises general executive and administrative authority over all departments, offices and agencies of the City (Sec. 3-01); no special legal counsel may be employed by the City except by written contract and approval of the council (Sec. 4-02 D.).
In both your original request and in a follow-up letter, you stress the fact that the Council is the "governing authority".
This is true, as Article VI, Section 44 of the Louisiana Constitution of 1974 defines "Governing Authority" as the "body which exercises the legislative functions of the political subdivision", in this case, the City Council. However, this does not mean that the Council is the supreme or only branch of the Slidell government.
As stated above, the Charter provides for an Executive branch, which is headed by the Mayor, who is the Chief Executive. The Executive branch is a co-equal branch of the Slidell government, although having duties differing from those of the Legislative branch. The Legislative branch makes the laws (subject to veto by the Mayor and override by the Council), and the Executive, the Mayor, carries out and administers the laws and the general functioning of the City. It is the Executive, the Mayor, rather than the Legislative, the Council, who acts for the City in carrying out and administering the laws and functions of government.
The only exception to this general rule, which allows the Council (the Legislative branch) to directly obtain services to be rendered to the City, is found in Sec. 2-07 of the Charter, entitled "Independent Audit", which provides, in pertinent part, as follows:
Auditors shall be designated by the council . . .
The obvious reason for this is that audits concern and oversee the actions (expenditures of funds) by the Executive branch.
In your follow-up letter you state that the Mayor's authority to select the providers of professional services (except auditors) and present their contracts to the Council for approval is based on Ordinance No. 2-10.2., which provides, in pertinent part, as follows:
 Except for contracts entered into by the city concerning [artistic performances], the City of Slidell shall publicly solicit proposals for all professional services exceeding three thousand dollars ($3,000.00) to be rendered to the City of Slidell including but not limited to . . . legal services . . .
Ordinance 2-10.2 does specify certain procedures by which professional services are obtained by the City. However, this, as well as all ordinances are enacted in furtherance of the basic powers and authority granted by the Charter. Thus, the Executive's power and authority is not based on this or any other ordinance, but rather, must be provided for in the Charter, either expressed or implied. While the Charter may not expressly provide that the Mayor signs contracts on behalf of the City, it is our opinion that this authority to act on behalf of the City in this manner is implied in the grant of Executive powers to the Mayor.
Further, the Council cannot properly enact ordinances, even over the veto of the Mayor, which restrict or remove powers and authority granted to the Mayor by the Charter.
Considering the relevant provisions of the Home Rule Charter and the Slidell Code, it is the opinion of this office that the chief executive officer exercises general executive and administrative authority, except with regard to auditors. Further, it is our opinion that the Mayor is the only official authorized to execute contracts on behalf of the City, whether the contract provides for services to be rendered to the Executive branch (Mayor) or Legislative branch (Council). Contracts not executed by the Mayor, or executed by others, including Council members, would not be valid, and such contracts should not be honored by the Mayor, nor should payment be made by him in connection with such contract.
With regard to the present situation, it is our opinion that the Mayor should select, recommend and propose to the Council (by way of preparation of a written contract) the attorney to be employed as special legal counsel. Thereafter, the written contract should be submitted to the Council for their approval. (Should the Council not approve the contract, the Mayor should submit another contract to the Council for approval.) After the Council's approval, the written contract should then be signed by the Mayor on behalf of the City. During the term of the contract, the Mayor should administer and authorize and make payment pursuant to the contract.
Trusting this to be sufficient for your purposes, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-1785
cc: Salvatore A. "Sam" Caruso